UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SHERRY L VANDERHAAG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:25-cv-00545-ALT |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Sherry L. Vanderhaag appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for Disability Insurance Benefits (DIB) and period of disability. (ECF 1). Vanderhaag filed her opening brief on March 17, 2026, and the Commissioner filed a response in opposition on May 28, 2026. (ECF 15, 18). On June 19, 2026, Vanderhaag timely filed her reply brief. (ECF 21). Therefore, the case is ripe for ruling.

For the following reasons, the Commissioner's decision will be AFFIRMED.

## I. FACTUAL AND PROCEDURAL HISTORY

Vanderhaag applied for DIB and period of disability in March 2023, alleging disability beginning February 22, 2022. (ECF 7 Administrative Record ("AR") at 21, 165-69).[1] Her claim was initially denied on October 3, 2023, and denied on reconsideration on April 11, 2024. (AR 21, 69-70). On September 24, 2024, she appeared for a phone hearing before Administrative Law Judge (ALJ) Alice Blackmore. (AR 21, 36). Vanderhaag was represented by Tara Budd of

---

[1] The AR page numbers cited herein correspond to the ECF-generated page numbers displayed at the top center of the screen when the AR is open in ECF, rather than the page numbers printed in the lower right corner of each page.

1

Forbes Disability Group, LLC,[2] and vocational expert (VE) Kathleen Byrnes also appeared. (AR 21, 36). The ALJ issued an unfavorable decision on October 3, 2024, concluding that Vanderhaag was not disabled because she was capable of performing her past relevant work. (AR 28-29). Vanderhaag filed a request for review by the Appeals Council, which denied the request on August 5, 2025 (AR 5-7), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

Vanderhaag filed a complaint in this district court requesting review of the Commissioner's final decision on October 8, 2025. (ECF 1). In this appeal, Vanderhaag argues the ALJ erred by (1) failing to account for all mental limitations in the RFC and (2) failing to account for all physical limitations in the RFC. (ECF 15 at 8, 14).

On the date of the Commissioner's final decision, Vanderhaag was fifty-two years old, had at least a high school education, and had past relevant work as a production assembler. (AR 28-29, 55, 222). Vanderhaag alleges disability due to major depressive disorder, generalized anxiety disorder, right carpal tunnel syndrome, migraines with aura, and hyperlipidemia. (ECF 15 at 5).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)

---

[2] Budd is an accredited non-attorney disability representative associated with Forbes Disability Group, LLC, the law firm representing Vanderhaag in this case. (*See* AR 21, 130-32).

(citation omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the Commissioner applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (collecting cases). "Rather, if the findings of the Commissioner … are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant seeking DIB must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring the ALJ to consider sequentially whether:

> (1) the claimant is presently employed [in substantial gainful activity]; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's

3

impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's [RFC] leaves [her] unable to perform [her] past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Pufahl v. Bisignano*, 142 F.4th 446, 452-53 (7th Cir. 2025) (citation omitted); *see also Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023); 20 C.F.R. § 404.1520. "Between the third and fourth steps, the ALJ determines the claimant's [RFC], which is the claimant's maximum work capability." *Pufahl*, 142 F.4th at 453 (citations omitted); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545(a). "The burden of proof is on the claimant for the first four steps." *Fetting v. Kijakazi*, 62 F.4th 332, 336 (7th Cir. 2023) (citation omitted). "At step five, the burden shifts to the [Commissioner] to show that there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations." *Id.* (citation and internal quotation marks omitted). "If at any step a finding of disability or nondisability can be made, the Social Security Administration will not review the claim further." *Sevec*, 59 F.4th at 298 (citation and brackets omitted).

### B. The Commissioner's Final Decision

At step one, the ALJ found Vanderhaag had not engaged in substantial gainful activity since February 22, 2022, the alleged onset date. (AR 23). At step two, the ALJ found that Vanderhaag had the following severe impairments: migraines; chronic obstructive pulmonary disease (COPD); and obesity. (AR 23). At step three, the ALJ found Vanderhaag did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 25).

The ALJ assigned Vanderhaag the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. The claimant can occasionally

4

stoop, kneel, crouch, and crawl. The claimant can frequently balance. The claimant is limited to occasional exposure to fumes, odors, dusts, gases, and poor ventilation.

(AR 25).

At step four, the ALJ found Vanderhaag was capable of performing past relevant work as a Production Assembler, as generally performed in the national economy and as performed by Vanderhaag. (AR 28). Thus, Vanderhaag's application for DIB and period of disability was denied. (AR 30).

### C. Mental Limitations in the RFC

Vanderhaag contends that the ALJ failed to incorporate determined mild mental limitations into the RFC or properly analyze them in crafting the RFC as required by Seventh Circuit caselaw and applicable regulations. (ECF 15 at 8). However, given the ALJ's analysis and reliance on medical opinions which assigned no limitations affecting Vanderhaag's ability to work, Vanderhaag's argument is unpersuasive.

"[T]he ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record…Nevertheless, the existence of mild mental limitations does not always necessitate the inclusion of non-exertional accommodations in the RFC." *Chirag S. v. Bisignano, Comm'r of the Soc. Sec. Admin.,* No. 1:24-CV-06275, 2026 WL 752463, at *2 (N.D. Ill. Mar. 17, 2026) (internal citations and quotations omitted). Indeed, "a mild, or even a moderate, limitation in an area of mental functioning does not prevent an individual from functioning satisfactorily." *Sawyer v. Colvin*, 512 F. App'x 603, 611 (7th Cir. 2013) (citation omitted). "An ALJ properly may conclude on a given record that no non-exertional limitations in the RFC are required, if [she] builds an accurate and logical bridge between the evidence and [her] conclusion." *Chirag S.,* 2026 WL 752463, at *2 (citations and quotations omitted).

In determining Vanderhaag's mental limitations, the ALJ relied on the opinions of state agency consultants, Dr. Amy Johnson and Dr. J. Gange, who found just mild mental limitations in all four paragraph "B" criteria (AR 64, 73), and the consultative psychiatric evaluation of Dr. Dan Boen, Ph.D., who stated in his narrative conclusion that claimant could work and assigned her no mental limitations (AR 516). (AR 24). Beginning with Dr. Boen's assessment, the ALJ states, "[a]ccording to the July 2023 consultative psychiatric evaluation, the claimant would have no trouble understanding, remembering, concentrating, staying on task, getting along with co-workers or supervisors." (AR 24 (citing AR 516)). The ALJ found this opinion to be persuasive given it was "consistent with the record generally including the unremarkable clinical findings and evidence which suggests her mental health symptoms were largely controlled with medication." (AR 24). Reviewing Dr. Boen's report, although he does diagnose Vanderhaag with severe major depressive disorder, he concludes,

> Sherry would not have trouble understanding what Sherry was asked to do on a job. Sherry would not have trouble remembering what Sherry was asked to do on a job. Sherry would not have difficulty being able to concentrate on the job. Sherry would not have difficulty being able to stay on task. Sherry would not have difficulty being able to get along with coworkers. Sherry would not have difficulty being able to get along with a boss.

 (AR 516). In sum, none of Vanderhaag's impairments would impact her ability to work.

The ALJ found the same when analyzing the state agency opinions. The ALJ goes onto explain,

> In fact, the evidence suggests that the claimant's mental health disorders were effectively managed with psychotropic medications prescribed by her primary care physician. *Aside from a lack of significant clinical evidence, finding limitations based on the claimant's alleged mental disorders would also be inconsistent with the opinions of state agency psychologists* who, after reviewing the evidence at the initial and reconsideration levels, determined that the claimant had mild limitations in all four paragraph B criteria of the Adult Listings. (1A; 4A). The undersigned was persuaded to adopt the state agency opinions as they are consistent with the medical record generally including the July 2023

consultative exam's findings. (3F). …Accordingly, the claimant's mental disorders, considered singly and in combination, do not cause more than minimal limitation in her ability to perform basic mental work activities and are therefore non-severe.

(AR 24 (emphasis added)). In sum, the ALJ finds that Dr. Johnson and Dr. Gange's opinions also do not support assigning limitations based on Vanderhaag's mental disorders.

Given the ALJ properly relied on the state agency doctors' opinions, both of which found Vanderhaag's mental limitations were mild (AR 64, 73), and Dr. Boen's opinion, who affirmatively opined that her mental limitations would have no impact on her ability to work, the ALJ's opinion is supported by substantial evidence. Reading the above analysis, one can trace the ALJ's reasoning from reliance on these medical opinions to why the ALJ determined no mental limitations in the RFC were necessary. In *Barbara S. v. Kijakazi*, which Vanderhaag cites, the court found the "RFC assessment must incorporate all of a claimant's functional limitations supported by the medical record, even if those limitations do not individually rise to the level of a severe impairment, and the limitations imposed by the impairments are minor." No. 2:21-cv-00224-DLP-JRS, 2022 WL 4244306, at *9 (S.D. Ind. Sept. 15, 2022) (collecting cases). However, in this case, Vanderhaag does not have a functional limitation that would impact her ability to work that is supported by the record. Although a perfect decision may have included a sentence explicitly stating why mental limitations were unnecessary in the RFC, a perfect decision is not necessary. "Courts conducting judicial review in social security cases do not require perfect opinions or rigid, mechanical formulaic applications of governing legal principles." *Ephrain S. v. Berryhill*, 355 F. Supp. 3d 738, 749 (N.D. Ill. 2019) (citation and brackets omitted). The ALJ properly built and logical bridge and excluded mental limitations from the RFC.

Additionally, Vanderhaag argues the ALJ failed to include stress related limitations in the RFC. (ECF 15 at 10). The Commissioner correctly argues that the reports of stress were Vanderhaag's own subjective statements. (ECF 18 at 8). The ALJ concluded "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 26). The ALJ was not required to rely on Vanderhaag's subjective reports of stress to find disability. *See Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022) ("Subjective statements by claimants as to pain or other symptoms are not alone conclusive evidence of disability and must be supported by other objective evidence."). Vanderhaag has failed to point to other non-subjective evidence indicating error in the ALJ's logic. The ALJ's decision is supported by substantial evidence as to stress and the RFC.

### D. Physical Limitations in the RFC

#### 1. Migraines

Vanderhaag argues that the ALJ failed to include limitations regarding migraines in the RFC and improperly questioned the reliability of Vanderhaag's testimony. (ECF 15 at 14). Vanderhaag says she testified that bright light was a trigger to her migraines, and yet no light limitations were added in the RFC. (*Id*.). However, Vanderhaag only points to her own testimony, no other evidence as to this limitation. As already explained, this alone is not enough to find the ALJ's decision is not supported by substantial evidence, given subjective reports must be supported by other evidence. *See Grotts*, 27 F.4th at 1278.

Next Vanderhaag takes issue with the ALJ's statement, "[r]ecords suggest that the claimant utilized the same treatment regimen for years with no change in dosage which is inconsistent with what would be expected of someone experiencing the frequency and severity of

migraine headaches the claimant described." (ECF 15 at 14; AR 26-27). Vanderhaag points to one medical record from 2019 which suggests the medication was not working well. (ECF 15 at 14; AR 385). However, the ALJ cites a medical report from 2022 which shows Vanderhaag was still taking the migraine medication, just as the ALJ stated. (AR 296). The ALJ's statement is representative of the record and supported by substantial evidence.

Lastly, Vanderhaag takes issue with the ALJ's statement that "[t]here is also no evidence corroborating the claimant's testimony that she was fired due to absenteeism caused by migraine headaches." (ECF 15 at 14; AR 27). Vanderhaag points again to one piece of evidence in the record to refute which says,

> [s]he continues to work and miss above average amount of time that tends to be focused around Monday [and] Tuesdays and Thursdays and Fridays by a report that has been sent to me from the HR department at her employer. Patient states that her headaches seem to be induced by over time and above average hours at work.

(ECF 15 at 14; AR 337). The Commissioner correctly argues that this evidence does not indicate that she was missing work due to migraines, just that she was missing work. (ECF 18 at 10). Vanderhaag's cherry picking of the record does not reflect that the ALJ ignored contrary lines of evidence. The ALJ's analysis and conclusions are supported by substantial evidence.

2. Right Carpal Tunnel Syndrome

Vanderhaag argues she has been diagnosed with right carpel tunnel syndrome and that the ALJ failed to consider this diagnosis. (ECF 15 at 15). This argument is unpersuasive. Vanderhaag cites one single treatment record from 2019 which contains a diagnosis of carpal tunnel syndrome. (AR 389). Vanderhaag "bears the burden of showing that she had impairments that affected her ability to work." *Richards v. Berryhill*, 743 F. App'x 26, 30 (7th Cir. 2018) (citation omitted). "[P]ointing to various diagnoses and complaints and saying that they might

hinder [Vanderhaag] is insufficient to establish the existence of a functional limitation." *Id*. (citation omitted). The ALJ analyzed the medical opinion of Dawn Fox, N.P., who found Vanderhaag had a full range of motion in her joints and normal hand dexterity, and found the clinical findings to be persuasive. (AR 28, 521-30). Fox and other medical professionals, beyond the one 2019 treatment record, do not mention carpal tunnel syndrome. Vanderhaag did not carry her burden to prove carpal tunnel syndrome affects her ability to work, and the ALJ's analysis as is supported by substantial evidence.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED. The Clerk is DIRECTED to enter a judgment in favor of the Commissioner and against Vanderhaag.

SO ORDERED.

Entered this 17th day of July 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge